Marian F. Harrison
US Bankruptcy Judge

Dated: 07/25/08

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MILBURN HOGUE, SS# XXX-XX-2405 | ) | Case No. 108-02558 |
| MELANIE HOGUE, SS# XXX-XX-0394 | ) | Chapter 13 |
| 309 Woods Drive | ) | Judge George C. Paine, II |
| Columbia, TN 38401 | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

This cause came to be heard on the 27th day of June, 2008, before the Honorable Marian F. Harrison, Judge of the United States Bankruptcy Court for the Middle District of Tennessee, hearing this matter by interchange, on the objection filed by the Chapter 13 Trustee to the homestead exemption claimed by the debtors under Tennessee law. The issues in this case are purely issues of Tennessee exemption law, and there is no controlling precedent in the decisions of the Tennessee Supreme Court. Accordingly, this Court finds that the case meets the requirements for instruction by the Tennessee Supreme Court under its Rule 23, which reads as follows:

The Supreme Court may, at its discretion, answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a District Court of the United States in Tennessee, or a United States Bankruptcy Court in Tennessee. This rule may be invoked when the certifying court determines that, in a proceeding before it, there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee.

## FACTS

The debtors here are joint filers with minor children, and they claim a homestead exemption in their principal residence of $50,000 under T.C.A. § 26-2-301(f) (2007). *See* 2007 Pub. Acts, c. 560 § 1, eff. June 27, 2007.

## ISSUES

The state law issues presented here are whether T.C.A. § 26-2-301(f)(2007), together with the rest of T.C.A. § 26-2-301,: (1) grants an enhanced homestead exemption of $50,000 to husband and wife debtors having minor children; (2) grants a single enhanced homestead exemption of $25,000 to these joint debtors; or (3) grants an enhanced $25,000 homestead exemption only to non-married individuals with dependent minor children.

Not only is state law determinative of these issues, a split of opinion has already developed in the bankruptcy courts of Tennessee. *See In re Butturini,* 384 B.R. 491 (Bankr. E.D. Tenn. 2008) (Judge Stair) (joint debtors with minor children entitled to the basic $7,500 homestead exemption – enhanced $25,000 exemption limited to an individual with minor

2

dependent children (attached as Exhibit A); *In re Staggs,* 381 B.R. 230 (Bankr. M.D. Tenn. 2008) (Judge Paine) (joint debtors with minor children entitled to enhanced $50,000 exemption) (attached as Exhibit B).

## CONCLUSION

Accordingly, this Court having reviewed these cases along with the record in this case, finds that the issues set forth above should be certified to the Supreme Court of Tennessee pursuant to Tennessee Supreme Court Rule 23.

**IT IS SO ORDERED.**

**This Order was signed and entered electronically as indicated at the top of the first page.**

# EXHIBIT A



**384 B.R. 491**

In re Butturini
Bkrtcy.E.D.Tenn.,2008.

United States Bankruptcy Court,E.D. Tennessee.
In re Jack Riley BUTTURINI, Jr. d/b/a Martial Arts America, f/d/b/a Jack Butturini American Karate, f/d/b/a Butturini Family Karate, Katharine Brown Butturini, Debtors.
No. 07-32975.

Feb. 8, 2008.

**Background:** Chapter 7 trustee objected to enhanced, $25,000 homestead exemption claimed by debtors in real property used as home for them and their minor child.

**Holding:** The Bankruptcy Court, Richard Stair, Jr., J., held that, pursuant to its plain terms, provision of Tennessee homestead exemption statute according an enhanced, $25,000 homestead exemption, in real property owned and used as principal place of residence, to any individual who has one or more minor children in the individual's custody protected only individual debtors with at least one minor child in their custody and could not be used by married couple.

Objection sustained.

West Headnotes

**[1] Homestead 202** **16**

202 Homestead
    202I Nature, Acquisition, and Extent
        202I(B) Persons Entitled
            202k16 k. Debtors or Defendants. Most Cited Cases

**Homestead 202** **17**

202 Homestead
    202I Nature, Acquisition, and Extent
        202I(B) Persons Entitled
            202k17 k. Family Relation in General. Most Cited Cases

Pursuant to its plain terms, provision of Tennessee homestead exemption statute according an enhanced, $25,000 homestead exemption, in real property owned and used as principal place of residence, to any "individual who has one (1) or more minor children in the individual's custody" protected only individual debtors with at least one minor child in their custody and could not be used by married couple with dependent child in order to claim homestead exemption in their jointly owned residence in excess of basic $7,500 exemption accorded to such debtors under separate provision of the Tennessee statute; provision referred to "individual" in the singular, not to "individuals," as did other provisions of this same statute. West's T.C.A. § 26-2-301(f).

**[2] Statutes 361** **181(1)**

361 Statutes
    361VI Construction and Operation
        361VI(A) General Rules of Construction
            361k180 Intention of Legislature
                361k181 In General
                    361k181(1) k. In General. Most Cited Cases

Under Tennessee law, cardinal rule of statutory construction is to effectuate legislative intent, with all rules of construction being aids to that end.

**[3] Statutes 361** **184**

361 Statutes
    361VI Construction and Operation
        361VI(A) General Rules of Construction
            361k180 Intention of Legislature
                361k184 k. Policy and Purpose of Act. Most Cited Cases

**Statutes 361** **188**

361 Statutes
    361VI Construction and Operation

      361VI(A) General Rules of Construction
          361k187 Meaning of Language
              361k188 k. In General. Most Cited Cases

Under Tennessee law, in order to ascertain intent of legislature in enacting statute, court may look to language of statute, to its subject matter, to object and reach of statute, to wrong or evil which it seeks to remedy or prevent, and to purpose sought to be accomplished in its enactment.

**[4] Statutes 361 ⚖═212.1**

361 Statutes
    361VI Construction and Operation
      361VI(A) General Rules of Construction
          361k212 Presumptions to Aid Construction
              361k212.1 k. Knowledge of Legislature. Most Cited Cases

Under Tennessee law, court may presume that legislature is knowledgeable about its prior enactments and knows the state of the law at time it passes the legislation under construction.

**[5] Statutes 361 ⚖═181(1)**

361 Statutes
    361VI Construction and Operation
      361VI(A) General Rules of Construction
         361k180 Intention of Legislature
            361k181 In General
                361k181(1) k. In General. Most Cited Cases

Under Tennessee law, courts, in interpreting statute, must ascertain and give effect to legislative intent without restricting or expanding statute's intended meaning or application; however, if language of statute is ambiguous, then court must examine entire statutory scheme and legislative history to ascertain and give effect to legislative intent.

**[6] Statutes 361 ⚖═188**

361 Statutes
    361VI Construction and Operation
      361VI(A) General Rules of Construction
          361k187 Meaning of Language
              361k188 k. In General. Most Cited Cases

Under Tennessee rules of statutory construction, legislative intent is to be ascertained, whenever possible, from natural and ordinary meaning of language used, without forced or subtle construction that would limit or extend meaning of that language.

**[7] Statutes 361 ⚖═223.2(1.1)**

361 Statutes
    361VI Construction and Operation
      361VI(A) General Rules of Construction
          361k223 Construction with Reference to Other Statutes
              361k223.2 Statutes Relating to the Same Subject Matter in General
                361k223.2(1) Statutes That Are in Pari Materia
                    361k223.2(1.1) k. In General. Most Cited Cases

Under Tennessee law, statutes relating to same subject or sharing common purpose must be construed together, in pari materia, in order to advance their common purpose or intent.

**[8] Statutes 361 ⚖═223.2(1.1)**

361 Statutes
    361VI Construction and Operation
      361VI(A) General Rules of Construction
          361k223 Construction with Reference to Other Statutes
              361k223.2 Statutes Relating to the Same Subject Matter in General
                361k223.2(1) Statutes That Are in Pari Materia
                    361k223.2(1.1) k. In General. Most Cited Cases

In construing statutes in pari materia, Tennessee courts ultimately seek the most reasonable construction which avoids statutory conflict and provides for harmonious operation of laws.

**[9] Statutes 361 ⚷195**

361 Statutes
    361VI Construction and Operation
        361VI(A) General Rules of Construction
            361k187 Meaning of Language
                361k195 k. Express Mention and Implied Exclusion. Most Cited Cases

Under Tennessee law, when legislature includes particular language in one section of statute but omits it in another section of same act, it is presumed that legislature acted purposefully in including or excluding that particular language.

**\*492** Law Offices of Mayer & Newton, John P. Newton, Jr., Richard M. Mayer, Knoxville, TN, for Debtors.

Hodges, Doughty & Carson, PLLC, Dean B. Farmer, Knoxville, TN, for Chapter 7 Trustee.

### MEMORANDUM ON OBJECTION BY TRUSTEE TO DEBTORS' HOMESTEAD EXEMPTION

RICHARD STAIR, JR., Bankruptcy Judge.

This contested matter is before the court upon the Objection by Trustee to Debtors' Schedule C Exemptions (Objection to Exemptions) filed by the Chapter 7 Trustee, Dean B. Farmer (Trustee), on October 26, 2007, objecting to the $50,000.00 homestead exemption claimed by the Debtors. The Debtors filed a Response to Trustee's Objection to Schedule C Exemptions (Response) on November 2, 2007, arguing that Tennessee's homestead exemption statute, as recently amended, entitles each of them to claim a $25,000.00 homestead exemption in their jointly-owned residence.

A preliminary hearing was held on December 6, 2007, at which time the parties agreed that the issues would be resolved on stipulations and briefs. Joint Stipulations of Facts were filed on December 20, 2007.[FN1] The Debtors filed their Brief on December 21, 2007, and the Trustee filed his Brief on January 3, 2008. Thereafter, on January 7, 2008, the court entered an Agreed Order Amending Pre-Trial Order and Extending the Schedule for Supplemental Brief, restating the issues and allowing the parties additional time to file supplemental briefs. On January 11, 2008, the Debtors and the Trustee each filed a supplemental brief.

> FN1. The court also takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of material undisputed facts of record in the Debtors' bankruptcy case file.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) and (O) (2005).

### \*493 I

The Debtors filed the joint Voluntary Petition commencing their bankruptcy case under Chapter 7 on September 13, 2007. Their residence, which they own as tenants by the entirety, is located at 1690 Sandy Shore Drive, Lenoir City, Tennessee (Residence), and has a stipulated current market value of "at least" $550,000.00. The Debtors claim a homestead exemption in the Residence in the amount of $50,000.00 grounded, generally, on Tennessee Code Annotated section 26-2-301.[FN2]

> FN2. Pursuant to the parties' Joint Stipulations of Facts, the Residence is encumbered with a mortgage of "approximately" $510,000.00, thus leaving equity of $40,000.00, more or less.

Pursuant to the January 7, 2008 Agreed Order Amending the Pre-Trial Order, the issues before the court are as follows:

> Are the Debtors limited to a second[ [FN3] ] homestead exemption as set forth in T.C.A. § 26-2-301(a) or are they entitled to assert a homestead exemption as set forth in T.C.A. § 26-2-301(f)? If T.C.A. § 26-2-301(f) is applicable, are the Debtors limited to a $25,000.00 exemption or may they claim a $50,000.00 exemption?

> FN3. The court considers the word "second" here to be superfluous and believes that this initial phrase should read: "Are the Debtors limited to a homestead exemption as set forth in T.C.A. § 26-2-301(a)...."

**II**

[1] Tennessee's homestead exemption statute, as material to the issues before the court, provides as follows:

> (a) An individual, whether a head of family or not, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by the individual or the individual's spouse or dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000); provided, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500), which shall be divided equally among them in the event the homestead exemptions are claimed in the same proceeding; provided, if only one (1) of the joint owners of real property used as their principal place of residence is involved in the proceeding wherein homestead exemption is claimed, then the individual's homestead exemption shall be five thousand dollars ($5,000). The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual. Upon the death of an individual who is head of a family, any such exemption shall inure to the benefit of the surviving spouse and their minor children for as long as the spouse or the minor children use such property as a principal place of residence.

> (b) If a marital relationship exists, a homestead exemption shall not be alienated or waived without the joint consent of the spouses.

> ....

> (e) Notwithstanding the provisions of subsection (a) to the contrary, an unmarried individual who is sixty-two (62) years of age or older shall be entitled to a homestead exemption not exceeding twelve thousand five hundred dollars ($12,500) upon real property that is owned by the individual and used by the individual as a principal place of residence;**494** a married couple, one (1) of whom is sixty-two (62) years of age or older and the other of whom is younger than sixty-two (62) years of age, shall be entitled to a homestead exemption not exceeding twenty thousand dollars ($20,000) upon real property that is owned by one (1) or both of the members of the couple and used by the couple as their principal place of residence; and a married couple, both of whom are sixty-two (62) years of age or older, shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) upon real property that is owned by one (1) or both of the members of the couple and used by the couple as their principal place of residence.

> (f) Notwithstanding subsection (a) to the contrary, an individual who has one (1) or more minor children in the individual's custody shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) on real property that is owned by the individual and used by the individual as a principal place of residence.

TENN.CODE ANN. § 26-2-301 (Supp.2007). The issues raised in this contested matter concern the application of subsection (f), which became effective on June 27, 2007.

The parties have stipulated that the Debtors are married, are both younger than fifty-five years old, and have one minor child residing with them in the Residence. Additionally, it is undisputed that, at a minimum, the Debtors are entitled to a homestead exemption against the Residence of $7,500.00 pursuant to section 26-2-301(a). The dispute arises

with respect to the Debtors' attempts to each claim a $25,000.00 "individual" homestead exemption in the Residence under the authority of section 26-2-301(f).

[2][3][4] "The cardinal rule of statutory construction is to effectuate legislative intent, with all rules of construction being [aids] to that end." *Browder v. Morris,* 975 S.W.2d 308, 311 (Tenn.1998); *see also Owens v. State,* 908 S.W.2d 923, 926 (Tenn.1995) ("The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.").

"In ascertaining the intent of the legislature, this Court may look to the language of the statute, its subject matter, the object and reach of the statute, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment." *State v. Collins,* 166 S.W.3d 721, 726 (Tenn.2005) (internal quotation marks and citation omitted). We are entitled to presume that our General Assembly is knowledgeable about its prior enactments and knows the state of the law at the time it passes the legislation under construction. *Hicks v. State,* 945 S.W.2d 706, 707 (Tenn.1997); *Wilson v. Johnson County,* 879 S.W.2d 807, 810 (Tenn.1994).

*State v. Edmondson,* 231 S.W.3d 925, 927 (Tenn.2007).

[5][6][7][8] When the parties derive different interpretations from the statutory language, the court must determine if the language of the statute, after applying its ordinary and plain meaning, is ambiguous. *Parks v. Tenn. Mun. League Risk Mgmt. Pool,* 974 S.W.2d 677, 679 (Tenn.1998). "When interpreting statutes, a reviewing court must ascertain and give effect to the legislative intent without restricting or expanding the statute's intended meaning or application[, but if] the language of the statute is ambiguous, the court must examine the entire statutory scheme and the legislative history to ascertain and give effect to the legislative intent." ***495***Galloway v. Liberty Mut. Ins. Co.,* 137 S.W.3d 568, 570 (Tenn.2004); *see also Parks,* 974 S.W.2d at 679. In summary, as succinctly stated by the Tennessee Supreme Court,

"Legislative intent is to be ascertained whenever possible from the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language." *Schering-Plough v. State Bd. of Equalization,* 999 S.W.2d 773, 775 (Tenn.1999). Statutes relating to the same subject or sharing a common purpose must be construed together ("in pari materia") "in order to advance their common purpose or intent." *Carver v. Citizen Utils. Co.,* 954 S.W.2d 34, 35 (Tenn.1997). Ultimately, we seek the most "reasonable construction which avoids statutory conflict and provides for harmonious operation of the laws." *Id.; see also LensCrafters, Inc. v. Sundquist,* 33 S.W.3d 772, 777 (Tenn.2000); *Cronin v. Howe,* 906 S.W.2d 910, 912 (Tenn.1995).

*Frazier v. E. Tenn. Baptist Hosp., Inc.,* 55 S.W.3d 925, 928-29 (Tenn.2001).

Subsection (f) of Tennessee's homestead exemption statute clearly provides that "[n]otwithstanding the provisions of subsection (a) to the contrary, an *individual* who has one (1) or more minor children in such *individual's* custody shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) upon real property that is *owned by the individual* and *used by the individual* as a principal place of residence." TENN.CODE ANN. § 26-2-301(f) (emphasis added). To ascertain the plain, ordinary meaning of this subsection, each word must be given effect as it is written. In doing so, it is clear that, rather than utilizing the basic $5,000.00 exemption available to an individual under § 26-2-301(a), an exemption capped at $25,000.00 may be claimed upon real property so long as the "principal residence" in question "is owned by" and "used by" an "individual" who has custody of at least one minor child.

In answer to the question of whether the General Assembly intended for the subsection to apply only to individual debtors with custody of one or more minor child or if it was to additionally apply to married persons with custody of at least one minor child, the court finds it instructive that the singular term "individual" is used four separate times within the fifty-three words contained in subsection (f). Black's Law Dictionary defines "individual" as follows: "As a noun, this term denotes a single person as distinguished from a group or class[.]" BLACK'S LAW DICTIONARY 773 (6th ed.1990). Nowhere in subsection (f) is the term "individual" pluralized, nor is there any other reference to more than a singular person. The choice of the singular term "individual" as opposed to the plural "individuals" or some other term that could easily be construed as meaning more than one person, as in the case of married persons, convinces the court that the statute says what it means and means what it says: the enhanced $25,000.00 homestead exemption may be claimed only by an individual debtor who (a) has custody of one or more minor children; and (b) owns the real property used by the individual debtor and the minor child(ren) as a principal place of residence.

This construction of the statute is also supported by an analysis of section 26-2-301, as a whole.

In subsection (a), a basic exemption of $5,000.00 is allowed to "an individual" upon real property "owned by the individual and used by the individual or the individual's spouse or dependent, as a principal place of residence." That amount is raised to an aggregate of $7,500.00 for "individuals who jointly own and use real property as their principal place of residence," which **\*496** amount is "divided equally among them in the event the homestead exemptions are claimed in the same proceeding[,]" but the exemption falls back to $5,000.00 if only one of the joint owners is involved in the proceeding.FN4 TENN.CODE ANN. § 26-2-301(a). This subsection makes it clear that an individual debtor may claim a homestead exemption of no more than $5,000.00.FN5 That exemption remains capped at $5,000.00 even when more than one debtor owns the residential real property, but only one of them is involved in the proceeding at issue, and only when joint debtors jointly own and use residential real property and are involved in the same proceeding may they increase the basic exemption to $7,500.00. However, this amount does not increase based upon the number of joint debtors involved, but is capped at $7,500.00, to be equally divided between the two joint debtors.

> FN4. However, where the joint ownership is as tenants by the entirety and the proceeding involves only one of the individual tenants, that individual possesses only a right of survivorship in the residence. *See Arango v. Third Nat'l Bank (In re Arango),* 992 F.2d 611, 613 (6th Cir.1993) (citations omitted; construing Tennessee law). In bankruptcy, the homestead exemption may not be claimed in the survivorship interest by a debtor. *See In re Arwood,* 289 B.R. 889, 896 (Bankr.E.D.Tenn.2003); *In re Dick,* 136 B.R. 1000, 1005-06 (Bankr.W.D.Tenn.1992); *Stephenson v. Gen. Motors Acceptance Corp. (In re Stephenson),* 19 B.R. 185, 189 (Bankr.M.D.Tenn.1982).

> FN5. *See supra* n. 4.

Subsection (e) then provides the first exception to the basic homestead exemption provided under subsection (a) by expanding the exemption for residential property owners sixty-two years of age or older. Under subsection (e), the exemption is raised as follows: (1) to $12,500.00 for an "unmarried individual" meeting the age requirement "upon real property that is owned by the individual"; (2) to $20,000.00 for a "married couple" in which only one of them has met the age requirement; and (3) to $25,000.00 for a "married couple" in which both persons meet the age requirement. Subsection (e) further designates, with respect to "married couples," that the residential real property be

owned "by one (1) or both of the members of the couple and used by the couple as their principal place of residence."

Finally, as previously discussed and at issue here, subsection (f) raises the exemption to $25,000.00 for an "individual" upon a residence "that is owned by the individual" if that individual has custody of one or more minor children. This subsection does not, as the other subsections do, refer to "individuals who jointly" own the residence or to a "married couple" made up of two individual debtors. The court additionally notes that the General Assembly used the exact language "... upon real property that is owned by the individual and used by the individual as a principal place of residence" in subsection (f) that it used in subsection (e) concerning the individual debtor sixty-two years of age or older.

[9] "[W]here the legislature includes particular language in one section of the statute but omits it in another section of the same act, it is presumed that the legislature acted purposefully in including or excluding that particular subject." *State v. Hawk,* 170 S.W.3d 547, 551 (Tenn.2005) (quoting *Bryant v. Genco Stamping & Mfg. Co.,* 33 S.W.3d 761, 765 (Tenn.2000)). Conspicuously missing from subsection (f) are any plural terms such as those then set forth in subsection (e) when the statute differentiates between an "individual" that meets the age requirement versus a "married couple" in which one or both are sixty-**\*497** two years of age or in subsection (a) which references "individuals who jointly own ..." and "joint owners."

Furthermore, reading the statute as a whole, and in reliance upon the plain, ordinary language of the terms utilized therein without the benefit of legislative history or advisory comments, it seems apparent that the purpose of enacting both subsections (e) and (f) was to offer protection in the form of heightened exemptions upon residential real property when two very limited age groups are implicated: those of retirement age or older and minor children. The General Assembly then limited those protections further by imposing a minimum age of sixty-two years in subsection (e) and restricting subsection (f) to apply only to individual custodians of minor children.

In summary, the court finds that subsection (f) of the homestead exemption statute set forth in Tennessee Code Annotated § 26-2-301 provides a $25,000.00 enhanced homestead exemption only upon real property owned by an individual debtor having custody of one or more minor children so long as the real property is used by the individual debtor as a principal place of residence.[FN6] As such, the Debtors, who are married and who own the Residence jointly, cannot qualify as "an individual debtor" under subsection (f). They are not, therefore, entitled to claim the enhanced homestead exemption but are limited to the basic $7,500.00 homestead exemption allowed to joint debtors pursuant to section 26-2-301(a).[FN7]

> FN6. Moreover, while various factors may affect the amount of a claimed exemption, there is nothing in the statute that gives rise to the notion that the homestead exemption can be used cumulatively. To the contrary, the statute clearly limits a debtor's application of the homestead exemption to one such amount upon a principal residence whereby it may not be combined or aggregated.

> FN7. The court notes the recent contrary ruling in *In re Staggs,* 381 B.R. 230 (Bankr.M.D.Tenn.2008).

An order consistent with this Memorandum will be entered.

Bkrtcy.E.D.Tenn.,2008.
In re Butturini
384 B.R. 491

END OF DOCUMENT

# EXHIBIT B

In re Staggs
Bkrtcy.M.D.Tenn.,2008.

United States Bankruptcy Court,M.D. Tennessee.
In re Donald Dwayne STAGGS, Melanie Sue Staggs, Debtors.
**No. 207-05267.**

Jan. 16, 2008.

**Background:** Chapter 13 trustee objected to state law homestead claimed by Chapter 13 debtors, on ground that amount of exemption exceeded that authorized under Tennessee law.

**Holding:** The Bankruptcy Court, George C. Paine, II, J., held that subsection of Tennessee homestead statute, which granted homestead exemption of $25,000 to each individual debtor who had custody of at least one minor child, who had ownership interest in property, and who used that property as principal place of residence, had to be interpreted as allowing spouses who filed for Chapter 13 relief, and who each had custody of minor child, had ownership interest in home, and used that home as principal residence, his or her own $25,000 homestead exemption.

Objection overruled.

West Headnotes

**Homestead 202 ⇐16**

202 Homestead
   202I Nature, Acquisition, and Extent
      202I(B) Persons Entitled
         202k16 k. Debtors or Defendants. Most Cited Cases

**Homestead 202 ⇐23**

202 Homestead
   202I Nature, Acquisition, and Extent
      202I(B) Persons Entitled
         202k23 k. Unmarried Persons. Most Cited Cases

**Homestead 202 ⇐89**

202 Homestead
   202I Nature, Acquisition, and Extent
      202I(D) Property Constituting Homestead
         202k89 k. Different Homesteads in Same Property. Most Cited Cases

Subsection of Tennessee homestead statute, which granted homestead exemption of $25,000 to each individual debtor who had custody of at least one minor child, who had ownership interest in property, and who used that property as principal place of residence, had to be interpreted as allowing spouses who filed for Chapter 13 relief, and who each had custody of minor child, had ownership interest in home, and used that home as principal residence, his or her own $25,000 homestead exemption, so as to allow debtors to exempt a total of $50,000 in equity, despite Chapter 13 trustee's contention that Tennessee legislature, by providing a $25,000 exemption for each "individual" debtor in this subsection of statute, while expressly providing an exemption for both individuals and married couples in another subsection of same statute, had meant to restrict this $25,000 exemption to unmarried debtors having custody of at least one child; principle of statutory construction, that when legislature includes particular language in one section of statute but omits it in another section, then it is presumed that legislature acted purposefully, could not be applied to deprive one of debtors of his or her Constitutional right to homestead exemption. West's T.C.A. Const. Art. 11, § 11; West's T.C.A. § 26-2-301(e, f).

*230 Harry Gust Lasser, IV, Law Office of Harry G. Lasser IV, Cookeville, TN, for Debtors.

*MEMORANDUM*

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the Chapter 13 Trustee's objection to confirmation based on the debtors' homestead exemption pursuant to T.C.A. § 26-2-301(f) (2007). *See* 2007 Pub. Acts., c, 560 § 1, eff. June 27, 2007. On an issue of first impression, the parties ask the court to interpret the recent amendment to T.C.A. § 26-2-301 adding subsection (f). The debtors contend that they are entitled to a $50,000 homestead exemption, while the trustee argues that a maximum cap of $25,000 is permissible under subsection (f). For the reasons cited herein, the court OVERRULES the trustee's objection to confirmation. The following constitutes ***231** the court's findings of fact and conclusions of law.

Donald Dwayne Staggs and Melanie Sue Staggs ("Debtors") filed a Voluntary Petition under Chapter 13 of Title 11 of the United States Code on July 26, 2007. In Schedule A of the petition, the Debtors listed a joint ownership interest in real property located at 127 Thorn Gap Road in Cookeville, Tennessee ("Real Property"). In Schedule C, the Debtors claimed a $50,000 exemption for the Real Property under T.C.A. § 26-2-301(f).

This Court held a hearing on confirmation of the Debtors' Chapter 13 plan on December 13, 2007. At that time, the parties stipulated to the following:

1. The debtors' property has a current value of $64,700.

2. The debtors' total unsecured debt as scheduled is $26,237.94.

3. If the debtors were entitled to an exemption of their homestead limited to $25,000, there would be sufficient equity in a chapter 7 case to satisfy all claims in full. If the debtors are entitled to a $50,000 homestead exemption, then the debtors' proposed chapter 13 plan paying $0.35 on the dollar is confirmable and complies with 11 U.S.C. § 1325(a)(4).

4. The debtors have one minor child and the debtors each have ownership interest in the home.

5. The issue is whether the debtors' exemption of $50,000 is permitted by Tennessee law. See T.C.A. § 26-2-301(f).

Following the hearing the court allowed additional time to file further briefs. Having now reviewed all pleadings, the court finds the trustee's objections should be overruled.

T.C.A. § 26-2-301 provides:

§ 26-2-301. Basic exemption

(a) An individual, whether a head of family or not, shall be entitled to a homestead exemption upon real property which is owned by the individual and used by the individual or the individual's spouse or dependent, as a principal place of residence. The aggregate value of such homestead exemption shall not exceed five thousand dollars ($5,000); provided, individuals who jointly own and use real property as their principal place of residence shall be entitled to homestead exemptions, the aggregate value of which exemptions combined shall not exceed seven thousand five hundred dollars ($7,500), which shall be divided equally among them in the event the homestead exemptions are claimed in the same proceeding; provided, if only one (1) of the joint owners of real property used as their principal place of residence is involved in the proceeding wherein homestead exemption is claimed, then the individual's homestead exemption shall be five thousand dollars ($5,000). The homestead exemption shall not be subject to execution, attachment, or sale under legal proceedings during the life of the individual. Upon the death of an individual who is head of a family, any such exemption shall inure to the benefit of the surviving spouse and their minor children for as long as the spouse or the minor children use such property as a principal place of residence.

(b) If a marital relationship exists, a homestead exemption shall not be alienated or waived without the joint consent of the spouses.

(c) The homestead exemption shall not operate against public taxes nor shall it operate against debts contracted for the purchase money of such homestead or improvements thereon nor shall it operate ***232** against any debt secured by the homestead when the exemption has been waived by written contract.

(d) A deed, installment deed, mortgage, deed of trust, or any other deed or instrument by any other name whatsoever conveying property in which there may be a homestead exemption, duly executed, conveys the property free of homestead exemption, but the homestead exemption may not be waived in a note, other instrument evidencing debt, or any other instrument not conveying property in which homestead exemption may be claimed.

(e) Notwithstanding the provisions of subsection (a) to the contrary, an unmarried individual who is sixty-two (62) years of age or older shall be entitled to a homestead exemption not exceeding twelve thousand five hundred dollars ($12,500) upon real property that is owned by the individual and used by the individual as a principal place of residence; a married couple, one (1) of whom is sixty-two (62) years of age or older and the other of whom is younger than sixty-two (62) years of age, shall be entitled to a homestead exemption not exceeding twenty thousand dollars ($20,000) upon real property that is owned by one (1) or both of the members of the couple and used by the couple as their principal place of residence; and a married couple, both of whom are sixty-two (62) years of age or older, shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) upon real property that is owned by one (1) or both of the members of the couple and used by the couple as their principal place of residence.

(f) Notwithstanding the provisions of subsection (a) to the contrary, an individual who has one (1) or more minor children in such individual's custody shall be entitled to a homestead exemption not exceeding twenty-five thousand dollars ($25,000) upon real property that is owned by the individual and used by the individual as a principal place of residence.

Subsection (f) sets the basic homestead exemption for an individual with custody of at least one minor child at no more than $25,000. The statute allows EACH *individual* debtor: (1) with custody of at least one minor child, (2) with ownership interest in the principal residence; and (3) using such as the principal place of residence, a homestead exemption of $25,000. In this case, it is stipulated that both Mr. and Mrs. Staggs have custody of the minor child, both have ownership interest in the principal residence, and both are using such as their principal place of residence. Therefore, under the law, as amended, *EACH* debtor is entitled to a $25,000 homestead exemption.

The trustee argues that a comparison of the language in the new subsection (f) with the language in subsection (e) makes clear that subsection (f) applies only to individuals. Subsection (e), like subsection (f), provides an exemption available to an "individual," but, unlike subsection (f), subsection (e) also provides exemptions for married couples. The trustee surmises that "where the legislature includes particular language in one section of the statute but omits it in another section of the same act, it is presumed that the legislature acted purposefully in including or excluding that particular subject." *State v. Edmondson,* 231 S.W.3d 925, 927 (Tenn.2007) (quoting *State v. Hawk,* 170 S.W.3d 547, 551 (Tenn.2005)) (internal quotations omitted). Applying this rule of construction, the trustee concludes that the lack of any provision for an exemption for married couples in the new subsection (f) implies that the new homestead exemption is available only to individuals, and not to couples.

**\*233** The court agrees that the exemption is available to individuals based on the plain meaning of the statute, but disagrees with the trustee's leap of faith as to Legislature's exclusion of a "married" provision. As aptly pointed out by the debtors, Ten-

nessee's personal property exemption statute grants a debtor $4,000 personal property exemption but does not include a "married" provision, instead allowing for each debtor to claim their $4,000 personal property exemption.[FN1] T.C.A. § 26-2-301(f)'s plain meaning gives each individual debtor the enhanced homestead exemption when all provisions of the statute are met, such as in this case.

> FN1. Tennessee's personal property exemption is found at T.C.A. § 26-2-103 and reads:
>
> Personal property selectively exempt from seizure. Personal property to the aggregate value of four thousand dollars ($4000) debtor's equity interest shall be exempt from execution, seizure or attachment in the hands or possession of any person who is a bona fide citizen permanently residing in Tennessee, and such person shall be entitled to this exemption without regard to the debtor's vocation or pursuit or to the ownership of the debtor's abode. Such person may select for exemption the items of the owned and possessed personal property, including money and funds on deposit with a bank or other financial institution, up to the aggregate value of four thousand dollars ($4000) debtor's equity interest.

Finally, the court notes that the Tennessee Constitution guarantees a homestead exemption. The Constitution states in relevant part: "[T]here shall be a homestead exemption from execution in an amount of five thousand dollars or such greater amount as the General Assembly may establish." TENN. CONST., ARTICLE XI, § 11. Subsection (f) provides for a greater amount for individuals with minor children. To interpret the statute as suggested by the Trustee would require the court to deprive one of these debtors of their Constitutional right to a homestead exemption.

For all the foregoing reasons, the trustee's objection to confirmation based on the debtors' homestead exemption pursuant to T.C.A. § 26-2-301(f) is OVERRULED. Debtor's counsel shall submit an Order not inconsistent with this Memorandum within ten (10) days of entry of this Memorandum.

It is, THEREFORE, so ordered.

Bkrtcy.M.D.Tenn.,2008.
In re Staggs
381 B.R. 230

END OF DOCUMENT

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.